# In the United States Court of Federal Claims

**NOT FOR PUBLICATION**

No. 23-1854C
(Filed: March 26, 2024)

| | |
|---|---|
| **HIGHWAY AND SAFETY SERVICES, INC.,** | ) ) ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) ) |
| **UNITED STATES**, | ) ) ) |
| *Defendant.* | ) ) ) |

*Daryle A. Jordan*, Jordan Guydon LLP, Fairfax, VA, for plaintiff.

*Daniel A. Hoffman*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington DC, for defendant. With him on the briefs were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, and *Patricia M. McCarthy*, Director, and *Martin F. Hockey, Jr.*, Deputy Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington DC.

## TRANSFER ORDER

**BONILLA, Judge**.

On September 3, 2021, the Department of Transportation, Federal Highway Administration (FHWA), awarded plaintiff Highway and Safety Services, Inc. (HSS) a firm fixed-priced contract to rehabilitate the Tidal Basin Outlet Bridge and resurface the adjoining East Basin Drive, abutting the National Mall in Washington, DC. A notice to proceed for the National Mall and Memorial Parks project eventually issued with a March 14, 2022 start date and a January 27, 2023 completion date.[1]

---

[1] The delayed start of contract performance was attributed to a parking permitting issue and the approaching winter months immediately followed by the National Cherry Blossom Festival, during which construction is limited and prohibited, respectively. Notwithstanding the effective date included in the notice to proceed, HSS maintains contract performance was further delayed until April 20, 2023, due to restrictions surrounding the National Cherry Blossom Festival.

Eight months later, on November 4, 2022, FHWA terminated the contract for default, citing HSS's failure to make sufficient progress.[2]

On February 6, 2023, HSS appealed the default termination to the Civilian Board of Contract Appeals (CBCA or Board). With HSS's concurrence, the CBCA dismissed the appeal without prejudice for failure to timely file within the ninety-day statutory window in accordance with 41 U.S.C. § 7104(a). *See Highway & Safety Servs., Inc. v. Dep't of Transp.*, No. 7664 (CBCA filed Mar. 14, 2023) (ECF 9-1 at 22). On October 20, 2023–as the one-year statute of limitations to seek review in this Court neared expiration under 41 U.S.C. § 7104(b)(3)–HSS commenced this action seeking to convert the termination for default into one for convenience and recover consequential damages. HSS charges the contracting officer's decision is arbitrary, capricious, an abuse of discretion, and contrary to law.

In the interim, HSS submitted a certified claim on July 10, 2023, requesting a contracting officer's final decision on a demanded 105-day contract extension and an equitable adjustment in the amount of $447,872. ECF 9-1 at 2–21. In support, HSS charged that the government delayed contract performance and alleged defective government specifications, work suspension, contract and construction changes, differing site conditions, contract interference, and cardinal changes. The contracting officer denied HSS's claim on November 14, 2023. HSS timely appealed this decision to the CBCA. *See Highway & Safety Servs., Inc. v. Dep't of Transp.*, No. 7962 (CBCA filed Dec. 15, 2023) (ECF 9-1 at 23).

Pending before the Court is plaintiff's motion to transfer this matter to the CBCA pursuant to 41 U.S.C. § 7107(d).[3] *See* ECF 9. Defendant objects to HSS's purported effort to circumvent the ninety-day statute of limitations which previously prevented litigation of this matter before the Board. For the reasons set forth below, the interests of justice and judicial economy weigh in favor of transfer and recommended consolidation with CBCA No. 7962.

Title 41, United States Code, Section 7107(d) provides:

> If 2 or more actions arising from one contract are filed in the United States Court of Federal Claims and one or more agency boards, for the convenience of parties or witnesses or in the interest of justice, the United States Court of Federal Claims may order the consolidation of the actions in that court or transfer any actions to or among the agency boards involved.

---

[2] FHWA issued a cure notice on September 22, 2022. Although the parties reportedly met five days later to discuss the agency's stated concerns, an October 13, 2022 show cause notice followed after HSS purportedly did not respond to the cure notice in writing. HSS formally responded to the show cause notice on October 20, 2022, and the parties reportedly met again the following week.

[3] HSS further requests a stay of proceedings pending the Court's ruling on the motion to transfer. With the issuance of this decision, the requested stay is moot.

41 U.S.C. § 7107(d).  Critical here, this Court recently concluded that a timely appeal to this Court vests derivative jurisdiction in agency boards following a § 7107(d) transfer even where the plaintiff failed to file in either forum within ninety days: "Nothing in § 7107(d) limits this Court's transfer authority to complaints filed within 90 days of the contracting officer's decision." *See Meltech Corp. v. United States*, No. 21-1532, 2023 WL 1960803, at *2 (Fed. Cl. Feb. 13, 2023) (citing in *Glenn v. United States*, 858 F.2d 1577, 1580–81 (Fed. Cir. 1988) (sanctioning transfer of actions filed in the Court of Federal Claims between ninety-one days and one year of the contracting officer's decision under the predecessor statute to § 7107(d))) (additional citations omitted).

In assessing whether a § 7107(d) transfer to an agency board would facilitate the just and efficient resolution of an underlying dispute, the Court traditionally considers the following factors:

> (1) Whether the dispute before the board and the court concern the same contract; (2) whether the claims before the court and the board duplicate claims or have overlapping and related issues; (3) whether plaintiff initially chose to appeal its claims before a court or a board; (4) whether one forum or the other has already made significant progress on the claims; (5) whether concurrent resolution would result in an inefficient allocation of the court's, board's, or party's resources; [and] (6) whether separate forums would reach inconsistent results.

*Avant Assessment, LLC v. United States*, 134 Fed. Cl. 323, 332–33 (2017) (quoting *Morse Diesel Int'l, Inc. v. United States*, 66 Fed. Cl. 801, 804 (2005) (citing *Giuliani Contracting Co. v. United States*, 21 Cl. Ct. 81, 83 (1990))).  With the exception of factor three, defendant readily concedes each factor supports consolidation as the pending claims before this Court and the CBCA involve the same contract and are otherwise inextricably intertwined.[4]

Turning to factor three, the Court notes HSS initially appealed the termination for default directly to the CBCA.  In fact, HSS only filed in this Court after realizing its appeal to the Board was four days late.  In the intervening eight months, HSS submitted a directly related certified claim and then timely appealed the contracting officer's denial of that claim to the CBCA.  The facts presented demonstrate that HSS's initial and preferred forum is the Board rather than this Court.[5]

In arguing against transfer, defendant highlights the potential implications of allowing HSS backdoor access to the CBCA despite the company's untimely appeal of its termination for default.  However, this Court has "broad discretion" to make such

---

[4] Regarding factor four (relative progress), the Court notes the parity between this Court and the CBCA (i.e., both matters are in the initial pleading stages).

[5] The Court is not persuaded by defendant's argument that HSS's untimely appeal to the CBCA undercuts plaintiff's initial forum choice.

a determination and is neither obligated nor obliged to grant an untimely litigant's motion. *See CH2M Hill Hanford Grp., Inc. v. United States*, 82 Fed. Cl. 139, 144 (2008) ("This Court 'possesses broad discretion in exercising its power to consolidate' or transfer a case to an agency board.") (quoting *Joseph Morton Co. v. United States*, 757 F.2d 1273, 1280 (Fed. Cir. 1985)).  At bottom, the facts presented and relevant caselaw warrant transfer to the CBCA for possible consolidation with the directly related matter pending before the Board.

For the foregoing reasons,

(1) Plaintiff's motion to transfer (ECF 9) is **GRANTED**;

(2) The remaining filing deadline included in the Court's February 13, 2024 Scheduling Order (ECF 8) is **VACATED**;

(3) This matter is **TRANSFERRED** to the Civilian Board of Contract Appeals pursuant to 41 U.S.C. § 7107(d); and

(4) The Clerk of Court is directed to **TRANSFER** this case to the Civilian Board of Contract Appeals by mailing a certified copy of this order and a copy of the docket sheet in this matter to:

>Judge Erica S. Beardsley, Chair
>Civilian Board of Contract Appeals
>1800 M Street, NW – 6th Floor
>Washington, DC 20036

It is so **ORDERED**.

Armando O. Bonilla
Judge